UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SYED K. RAFI, Ph.D. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:18-CV-00635-AWT |
| vs. | : | |
| | : | |
| YALE UNIVERSITY SCHOOL OF MEDICINE, | : | |
| RICHARD P. LIFTON, M.D., | : | |
| ALLEN E. BALE, M.D., | : | |
| BRIGHAM AND WOMEN'S HOSPITAL, | : | |
| CYNTHIA C. MORTON, PhD., and | : | |
| HARVARD UNIVERSITY MEDICAL SCHOOL | : | |
| | : | |
| Defendants | : | DECEMBER 23, 2019 |

**DEFENDANTS' YALE UNIVERSITY SCHOOL OF MEDICINE, RICHARD P. LIFTON, M.D., and ALLEN E. BALE, M.D. REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

The defendants, Yale University School of Medicine, Richard P. Lifton, M.D., and Allen E. Bale, M.D., hereby reply to the plaintiff's opposition to the defendants' Motion to Dismiss.

**I.       The Defendants Are Not Seeking a More Definite Statement.**

The plaintiff argues that the Magistrate Judge had no difficulty understanding the allegations contained in the initial complaint, and that this fact negates the defendants' claims that the complaint is so vague and ambiguous that the defendants could not reasonably prepare a response. (ECF No. 70, p. 1-2). This argument, however, is moot. The defendants filed a motion to dismiss the second amended complaint and, in the event, that the Court determined that the plaintiff's second amended complaint was not subject to dismissal, the defendants moved for a more definite statement. (ECF No. 25.) The motion to dismiss the second amended complaint is no longer the operative motion. The operative motion is the defendants' motion to dismiss the plaintiff's third amended complaint, which does not seek a more definite statement. (ECF No. 65.)

The defendants do not seek a more definite statement, and therefore, the plaintiff's arguments in response to the earlier request for a more definite statement are moot.

II. **The Plaintiff's Third Amended Complaint Fails to Comply with Federal Rule of Procedure 8.**

Fed. R. Civ. P. 8(a)(2) requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint is inadequately pled "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557.) Moreover, "factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. 544 (2007)).

The plaintiff's third amended complaint contains only conclusory allegations. For example, in asserting that a conspiracy was formed against him, the plaintiff alleges that "Dr. Lifton and Dr. Bale indeed conspired with Dr. Cynthia Morton at Harvard Medical school that *'triggered and perpetuated the vetoing'* of every on plaintiff's more than two dozen professional clinical cytogenetics job opportunities at Dr. Morton's clinical cytogenetics laboratory at HMS, and numerous such professional diagnostic cytogenetics, research cytogenetic, and medical genetics job opportunities around the nation to this day." (ECF No. 52, p. 43.) This accusation provides only a 'naked assertion' that is devoid of 'further factual enhancement.' The plaintiff does not plead with any specificity how, when, and by what actions the defendants conspired to prevent the plaintiff from obtaining employment in the plaintiff's desired field. Furthermore, the complaint is completely devoid of which job opportunities the defendants have allegedly "vetoed."

2

This is not sufficient to meet the pleading requirements of Fed. R. Civ. P. 8.  The rest of the complaint makes additional "naked assertions" without providing the defendants "fair notice of what the claim is and the grounds upon which it rests."

**III.     The Court Has Not Previously Ruled that the Plaintiff's Claims May Go Forward.**

The Court has not previously ruled that plaintiff's claims may go forward as the plaintiff claims in his opposition.  (ECF No. 70, p. 4-5.)  The plaintiff states that since the Court only required the plaintiff to file a motion for leave to amend the complaint, this indicates that the plaintiff's complaint is not subject to dismissal.  Id.  This mischaracterizes the Court's ruling.  The Court denied without prejudice the plaintiff's Motion for Expanding the List of Defendants.  (ECF No. 29.)  The Court then advised the plaintiff that in order to expand the list of defendants "[a] plaintiff is required to file a motion for leave to amend a complaint accompanied by a proposed amended complaint.  The plaintiff must also consult with the defendants and state whether they consent or oppose the motion for leave to file an amended complaint."  Id.  Subsequently, the plaintiff filed a third amended complaint on October 10, 2019.  (ECF No. 52.)  This is now the operative complaint and in response to this complaint the defendants properly filed a motion to dismiss.  (ECF No. 65.)  The Court must now decide whether the claims contained in the operative complaint are subject to dismissal.

The plaintiff also claims that the Court ruled that his claims may go forward in Magistrate Judge Richardson's Recommended Ruling.  (ECF No. 8).  The defendants agree that Magistrate Judge Richardson's Recommended Ruling, which the Court later adopted (ECF No. 17), does state that "it is recommended that plaintiff's claims under 42 U.S.C. § 1985(3) and § 1986 go forward."  Id., p. 10.  However, this recommend ruling applied only to the plaintiff's original complaint filed on April 13, 2018.  (ECF No. 1.)  Since that time, the plaintiff has filed three amended complaints.

The third amended complaint filed on October 10, 2019 is now the operative complaint. (ECF No. 52.) In response to that filing, the defendants filed a motion to dismiss on November 13, 2019. (ECF No. 65.) It is now this motion to dismiss which the Court must consider and rule whether the plaintiff's claims may go forward.

**IV.     The Plaintiff's Defamation Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

The plaintiff incorrectly argues that the defendants have cited improper and out of context State of Connecticut law and cases in support of their motion to dismiss. The cited cases in the defendants' motion to dismiss are proper and relevant to the plaintiff's defamation claims. "Defamation…is an issue of state law, not of federal constitutional law." Sadallah v. City of Utica, 838 F.3d 34, 38 (2d Cir. 2004) (citing Lauro v. Charles, 219 F.3d 202, 207 (2d Cir. 2000)). Therefore, the defendants have properly cited State of Connecticut law and cases to establish that the plaintiff's defamation claim should be dismissed for failure to state a claim upon which relief can be granted.

In a defamation action "[a plaintiff] must plead, in order to provide sufficient notice, what defamatory statements were made concerning the plaintiff, when they were made, and to whom they might have been made." United States ex rel. Smith v. Yale Univ., 415 F. Supp. 2d 58, 108-9 (D. Conn. 2006) (Dorsey, J.). Likewise, the Connecticut Supreme Court has instructed: "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) that plaintiff's reputation suffered injury as a result of the statement." Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 627-28 (2009). "Under Connecticut law, a complaint alleging defamation must specifically state the alleged libelous statements." Lyons v. Nichols, 1999 Conn. Super. LEXIS

4

1127, *9 (Super. Ct. May 13, 1999) (Stevens, J.). "A claim of libel must be pled with specificity, as the precise meaning and choice of words employed is a critical factor in any evaluation of falsity…[A] complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom…" Chertkova v. Connecticut General Insurance Co., 2002 Conn. Super. LEXIS 2348, *14 (Super. Ct. July 12, 2002) (Berger, J.), aff'd per curiam, 76 Conn. App. 907 (2003).

The plaintiff's present complaint fails on each element required to plead a defamation claim in that it fails to specify any defamatory statement, by whom such statement was made, to whom such statement was published, when any defamatory statement was published; and the complaint fails to demonstrate how the plaintiff's reputation was injured as a result of said defamatory statements. Since the third amended complaint fails to set forth the essential elements of a defamation claim, the plaintiff's defamation claim should be dismissed.

V.      **The Doctrine of *Res Judicata* Precludes the Plaintiff's Claims Against the Defendants.**

The plaintiff argues that the doctrine of *res judicata* does not bar his claims because *"a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws, given the unceasingly continuing escalation of violations."* (ECF No. 52, p. 19.) Furthermore, the plaintiff states that "a person can be prosecuted again at the Federal or State Court for the same act when at least one element of the alleged violation is distinct and the statutes address 'very different kinds of harm or evil,' as is in this litigation." Id. This argument is without merit. While it is true that this is the first time that the plaintiff is bringing suit under 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 as well as bringing a defamation action, this does not mean that the plaintiff's claims can be relitigated for at least the third time.

The doctrine of *res judicata* limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy.  Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action."  In re Adelphia Recovery Trust, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citations omitted).  "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Proctor v. LeClaire, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted).  "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or different remedy."  Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citations omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action.  See Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001).  "[A] dismissal for failure to state a claim operates as a 'final judgment on the merits and thus has *res judicata* effects.'"  Garcia v. Superintendent of Great Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016) (quoting Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009)).  This includes a dismissal based on claim preclusion itself.  See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

Here, in both the litigation brought in the District of Connecticut and the Southern District of New York, (1) there was a final judgment dismissing the plaintiff's claims, (2) both the plaintiff

6

and the defendants were named parties or were in privity with the named parties, (3) the court determined that the plaintiff's allegations failed to state a claim, and (4) such determination was essential to the judgment. Therefore, the plaintiff's third amended complaint meets all the requirements established by the Second Circuit for dismissal pursuant to the doctrine of *res judicata*.

**VI.     The Plaintiff's Claims Under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

The plaintiff argues that he has adequately pled claims under both 42 U.S.C. 1985(3) and 42 U.S.C. 1986. (ECF No. 70, p. 25.) In support of this assertion, the plaintiff claims that he intends to obtain pre-trial sworn testimonials, to obtain focused sworn testimonials from co-conspirators, and to obtain employment records pertaining to plaintiff's job applications at BWH and MGH as part of the Court ordered discovery. Id. His intention to provide facts or evidence to substantiate his claims does not matter at this stage of the proceedings. It is what he has stated and put forth in his complaint that the Court must consider. In considering the third amended complaint, the Court should dismiss it for its failure to state a claim upon which relief can be granted under both 42 U.S.C. § 1985 (3) and 42 U.S.C. § 1986 for the reasons already expressed in the defendants' motion to dismiss. (ECF No. 65.)

**VII.    Conclusion**

For the foregoing reasons, as well as those reasons stated in the Memorandum of Law in Support of Defendants' Motion to Dismiss, the defendants' Motion to Dismiss should be granted.

                            **THE DEFENDANTS,**
                            **YALE UNIVERSITY SCHOOL OF**
                            **MEDICINE, RICHARD P. LIFTON,**
                            **M.D., and ALLEN E. BALE, M.D.**

BY: <u>/s/ Patrick M. Noonan (#ct00189)</u>
        Patrick M. Noonan
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                                                                               _____/s/_____
                                                                                                                 Patrick M. Noonan